UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
*Fort Lauderdale Division*
www.flsb.uscourts.gov

In re:

**ANDREW S. POLLACK,**   Case No.   **17-22920-JKO**

    Debtor.   Chapter 7
_____/

**ANDREW S. POLLACK,**   **ADVERSARY PROCEEDING CASE NO.**

    Plaintiff**,**

**V.**

**UNITED STATES OF AMERICA,**
(Department of the Treasury,
Internal Revenue Service**),**

    Defendant**.**
_____/

**DEBTOR'S COMPLAINT TO DETERMINE PRIORITY AND DISCHARGEABILITY OF IRS TAX OBLIGATIONS AND TO DETERMINE AMOUNT AND EXTENT OF LIEN**

Plaintiff, Andrew S. Pollack, the debtor in the instant chapter 7 bankruptcy ("Plaintiff" or "Debtor") by and through his undersigned counsel and pursuant to 11 U.S.C. § 523(a)(1) and 11 U.S.C. § 507(a)(8) of the Bankruptcy Code (the "Code"), files this complaint to determine the dischargeability of certain tax liabilities to the defendant, the United States of America, through the Department of the Treasury, on behalf of the Internal Revenue Service (together, for convenience, the "Defendant" or the "IRS"), and to determine the extent, validity and priority of tax liens, if any, and states:

**JURISDICTION AND PARTIES**

    1.    This is an action to determine the priority and dischargeability of income tax liabilities, and to determine amount and extent of tax liens, if any.

    2.    This Court has jurisdiction over this proceeding pursuant to 28 U.S.C.

§ 1334, 28 U.S.C. § 157(b)(2)(I).

3. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I).

4. Defendant is the United States of America (Department of Treasury, Internal Revenue Service).

5. This is an action to determine the priority and dischargeability of one or more debts allegedly due from the Plaintiff to the IRS and the extent of any tax liens, if any.

## COUNT ONE
## DISCHARGEABILITY

6. Plaintiff filed his voluntary Chapter 7 case (the "Bankruptcy") on October 26, 2017 (the "Petition Date").

7. Plaintiff listed the IRS on his Schedule E\F as an unsecured creditor for the unpaid balance of assessment – including without limitation - income taxes, penalties and interest potentially due in the amount of approximately $310, 767.04 relating to the 2003, 2004 and 2005 tax years and $106,545.02 for the 2006 tax year for an aggregate amount of $417,312.06 (hereinafter, the "Taxes").

8. Upon information and belief, the Defendant may allege that the Plaintiff is also indebted to it for income taxes, penalties, and interest for other tax periods in addition to the Taxes ("Other Taxes").

9. The tax returns relating to the Taxes were due – including extensions - more than three years prior to the Petition Date.

10. The tax returns relating to the Taxes were filed more than two years prior to the Petition Date.

11. The Taxes were assessed, if at all, at least 240 days prior to the

Petition Date.

12. In the event Plaintiff is indebted to Defendant for the Taxes and the Other Taxes, these debts are dischargeable pursuant to §507(a)(8) and §523(a)(1) of the U.S. Bankruptcy Code.

## COUNT TWO
## DISCHARGEABILITY

13. The allegations of paragraphs one through twelve, above, are re-alleged here in their entirety.

14. Upon further information and belief, the Defendant may allege that it has perfected tax liens against the Debtor's property in connection with the Taxes, the Other Taxes, or other obligations due to it (for convenience only, the "Liens").

15. To the extent the IRS alleges it has perfected Liens against the Debtor, said Liens may attach to the value of the Debtor's exempt assets and to the value of any assets abandoned by the Trustee in this Bankruptcy, if any, all valued as of the Petition Date (the "Assets Subject to Lien").

16. To the extent that the Court should determine that such Liens have been perfected, the Liens should be discharged and released upon the payment of the value of the Assets Subject to Lien, and the Liens unenforceable as against the Debtor's post-petition assets and income.

**WHEREFORE**, the Plaintiff respectfully requests that this Court enter a judgment in his favor as follows:

A. That any taxes due and owing to the IRS for or relating to the tax years 2003, 2004, 2005 and 2006, and any other pre-petition tax period, are dischargeable;

B. That any other debts due and owing to the IRS for – without limitation -

interest and/or penalties for the tax years 2003, 2004, 2005 and 2006 or any other pre-petition tax period, are dischargeable;

  C. That the IRS has not perfected any Liens against the Debtor or his property; or, alternatively,

  D. Determining the value of any Assets Subject to Lien, and ordering that upon payment to the IRS of such value, that the Liens shall be discharged, released and shall be unenforceable as against the Debtor's post-petition income and/or assets.

  E. That the Plaintiff have such other and further relief as is equitable and just.

## CERTIFICATE OF ADMISSION

**I HEREBY CERTIFY** that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this court set forth in Local Rule 2090-1(A).

Dated: November 21, 2017

  Respectfully submitted,

  **SHAPIRO LAW**
  *Attorneys for Plaintiff*
  8551 West Sunrise Boulevard
  Suite 300
  Plantation, FL 33322
  Phone: (954) 315-1157
  pshapiro@shapirolawpa.com

  By: /s/ Peter E. Shapiro
   Peter E. Shapiro
   Florida Bar No. 615511